CORNELIUS EDWARDS, D-74803
CORRECTIONAL TRAINING FACILITY
P.O. Box 689  ED-157-LOW
Soledad, CA 93960-0689
Pro Se

FILED

06 JUL 30 PM 1: 03

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS EDWARDS, ) | Case No.  C 08-1902 WHA (PR) |
| ) | |
| Petitioner, ) | **PETITIONER'S REPLY TO** |
| ) | **RESPONDENT'S REQUEST FOR** |
| v. ) | **STAY PENDING ISSUANCE OF** |
| ) | **THE MANDATE IN HAYWARD.** |
| ARNOLD SCHWARZENEGGER, Governor, ) | |
| ) | **Judge:  The Honorable William Haskell Alsup** |
| Respondent. ) | |

## INTRODUCTION

After Petitioner Cornelius Edwards filed his federal habeas corpus

application, this Court issued an order for a response to the petition.  On June

2, 2008, Respondent Schwarzenegger requested a stay pending the disposition of

Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), hearing en banc granted, and

oral arguments being completed June 24, 2008.

Edwards does not contest a stay, but does oppose a stay pending the en banc

decision in Hayward.  It could take a year, or more, before the Ninth Circuit

issues the en banc decision in Hayward.  Edwards, in the alternative, requests

that a stay be granted pending the decision in the case of In re Lawrence on

habeas corpus, S154018, oral arguments held June 4, 2008.

#### ARGUMENT

It is not lost on Edwards that this, and other federal district courts in the Circuit, are burdened with a number of petitions in an evolving area of law; however, a writ of habeas corpus is to be expedited within a reasonable time to prevent challenging the illegality of detention from being reduced to a "sham" (Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000)). Thus, while a stay may be warranted, any stay should not work to Edwards disadvantage.

#### A. A stay is Warranted Pending In Re Lawrence.

In re Lawrence was argued before the California Supreme Court on June 4, 2008, and a decision is forthcoming no later than September 2, 2008. In that federal courts are bound by interpretation of state law as interpreted by that state's highest court (Gurley v. Rhoden, 421 U.S. 200, 208 (1975), in this case the controlling interpretation of California's parole statutes will be In re Lawrence. The Ninth Circuit will then apply that interpretation to Hayward. In that a decision is due in Lawrence no later than September 2, 2008, a stay should therefore issue only until September 2, 2008, or, as soon as Lawrence is decided and published in the Daily Journal, if sooner.

Moreover, in that postsuitability time credits accrued are to be deducted from Edward's parole (In re Bush, 161 Cal.App.4th 133, 144-145 (2008)), it is to the state's benefit to have a decision in case at bench as soon as possible, lest Edward be discharged with no parole if the decision falls in his favor. While discharge would certainly benefit Edwards, it would not benefit the state, defeating "equity" to be obtained.

## B. **An Unreasonable Stay Would Prejudice Edwards.**

Contrary to the Respondent's argument that the stay he requests "would not unfairly impose any additional or otherwise avoidable hardship on Petitioner" it would do exactly that. Every day Edwards remains in prison is a day he cannot fulfill his duties as a husband, provider to his family, and be present as a father. Edwards has been found Suitable for Parole by the Board of Parole Hearings Three (3) times, has maintain an exemplary record for many years and has been deemed not to be a risk to society by the Board of Parole Hearings and several psychiatric forensic experts. Edwards would respectfully request that the Court not only grant a stay pending the decision in Lawrence, but grant him bail or release him on his own recognizance pending the Court's ultimate decision in his case.

### CONCLUSION

When the equities are balanced, a stay should be granted only until September 2, 2008, or sooner if the decision in Lawrence should sooner be delivered, and that the respondent file an Answer within thirty (30) days of the Lawrence decision and no further extensions of time be granted. Petitioner therefore requests that the Court exercise its discretion and issue a stay accordingly.

DATED: 7/28/08

Respectfully Submitted,

Cornelius Edwards   Pro Se

- 3 -

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____ Cornelius Edwards _____ , declare:

I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California.  My prison address is:

Cornelius Edwards _____ , CDCR #: D-74803 _____

CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: ED-157-Low
SOLEDAD, CA  93960-0689.

On _____ July 28, 2008 _____ , I served the attached:

Petitioner's Reply to Respondent's Request for stay pending issuance of

the mandate in Hayward.

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined.  The envelope was addressed as
follows:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
PO BOX 36060
SAN FRANCISCO, CA 94102-9680

STATE OF CALIFORNIA
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.
Executed on _____ 7/28/08 _____ .

CORNELIUS EDWARDS
Declarant





CORNELIUS EDWARDS, D-74803
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689  ED-157-LOW
SOLEDAD, CA 93960-0689

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
PO BOX 36060
SAN FRANCISCO, CA 94102-9680

94102+9432  C004

7-28-08

C/O M. ESQUER

'LEGAL MAIL'