United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS EDWARDS,                          No. C 08-1902 WHA (PR)

               Petitioner,          **ORDER DENYING PETITION FOR**
                                           **WRIT OF HABEAS CORPUS**

  vs.

ARNOLD SCHWARZENEGGER,
Governor,

               Respondent.
_____/          (Docket No. 9)

**INTRODUCTION**

       This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.

Respondent was ordered to show cause why the writ should not be granted. Respondent has

filed an answer, along with a supporting memorandum of points and authorities and exhibits.

Petitioner has responded with a traverse. For the reasons set forth below, the petition for a writ

of habeas corpus is **DENIED**.

**STATEMENT**

       In 1987, petitioner was sentenced to a term of fifteen years to life in state prison

following his conviction for second-degree murder. In 2006, the California Board of Parole

Hearings ("Board") granted parole, and in 2007 the Governor reversed that decision and denied

parole. This petition challenges the Governor's denial of parole. Petitioner challenged the

Governor's decision in habeas petitions filed in all three levels of the California courts. The

Los Angeles County Superior Court denied the petition in an explained opinion. The California

1    Court of Appeal and the Supreme Court of California issued summary denials.

2                                    **ANALYSIS**

3    **A.      STANDARD OF REVIEW**

4            A district court may not grant a petition challenging a state conviction or sentence on the

5    basis of a claim that was reviewed on the merits in state court unless the state court's

6    adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

7    unreasonable application of, clearly established Federal law, as determined by the Supreme

8    Court of the United States; or (2) resulted in a decision that was based on an unreasonable

9    determination of the facts in light of the evidence presented in the State court proceeding."  28

10   U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law

11   and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong

12   applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340

13   (2003).

14           A state court decision is "contrary to" Supreme Court authority, that is, falls under the

15   first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached

16   by [the Supreme] Court on a question of law or if the state court decides a case differently than

17   [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529

18   U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court

19   authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing

20   legal principle from the Supreme Court's decisions but "unreasonably applies that principle to

21   the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue

22   the writ "simply because that court concludes in its independent judgment that the relevant

23   state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at

24   411.  Rather, the application must be "objectively unreasonable" to support granting the writ.

25   *See id.* at 409.

26           "Factual determinations by state courts are presumed correct absent clear and

27   convincing evidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not

28   altered by the fact that the finding was made by a state court of appeals, rather than by a state

**United States District Court**
For the Northern District of California

                                         2

United States District Court

For the Northern District of California

1  trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2  1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and

3  convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory

4  assertions will not do. *Ibid.*

5          Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination

6  will not be overturned on factual grounds unless objectively unreasonable in light of the

7  evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres*

8  *v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

9          When there is no reasoned opinion from the highest state court to consider the

10  petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501

11  U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In

12  this case, the last reasoned opinion is that of the Los Angeles County Superior Court denying

13  petitioner's habeas petition (Pet. Exh. 1).

14  **B.      ISSUES PRESENTED**

15          As grounds for federal habeas relief, petitioner asserts that the Governor's denial of

16  parole violated his due process rights because there was not "some evidence" to support the

17  decision.

18          The Due Process Clause does not, by itself, entitle prisoners to release on parole in the

19  absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546,

20  555, 561 (9th Cir. 2010) (en banc).  Under California law, however, "some evidence" of current

21  dangerousness is required in order to deny parole.  *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th

22  1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)).  This requirement gives

23  California prisoners a liberty interest protected by the federal constitutional guarantee of due

24  process in release on parole in the absence of "some evidence" of their current dangerousness.

25  *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603

26  F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24,

27  2010) (citing *Hayward*, 603 F.3d at 561-64).

28          When a federal habeas court in this circuit is faced with a claim by a California prisoner

3

that their right to due process was violated because the denial of parole was not supported by "some evidence," the court "need only decide whether the California judicial decision approving" the denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip op. at 15.

California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1210-14); *see also Cooke*, slip op. at 16-18 (describing California's "some evidence" requirement). Under California law, "the aggravated nature of the crime does not in and of itself provide some evidence of *current* dangerousness to the public unless the record also establishes something in the prisoner's pre- or postincarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative of the statutory determination of a continuing threat to public safety." *Lawrence*, 44 Cal.4th at 1214 (emphasis in original); *see Hayward*, 603 F.3d at 562 (same); *Cooke*, slip op. at 18 (same).

The Governor denied parole based on the risk of current dangerousness to the public evinced by the facts of the commitment offense, petitioner's prior criminal record, and his disciplinary record in prison (Pet. Exh. 2). In the commitment offense, petitioner shot and killed the victim at close range as the victim, who was unarmed, began to advance on petitioner during an argument about money that petitioner owed him for drugs (*id.* at 1). The Governor found evidence of premeditation because petitioner had talked about the possibility that he

would have to shoot the victim, and because petitioner had taken his gun out prior to any provocative conduct by the victim (*id.* at 2).  Petitioner's prior criminal record was substantial, consisting of prior convictions for drug possession, carrying a loaded firearm in public, battery, and shooting at an inhabited dwelling, and he was on probation for the latter offense at the time of the murder (*ibid.*).  Additionally, petitioner had arrests (but not convictions) for carrying a loaded firearm in public, assault with a deadly weapon, murder, robbery, being under the influence of drugs, and giving false information to an officer (*ibid.*).  The Governor also noted that petitioner had five serious rules violations in prison, including fighting, conspiracy to introduce and traffic drugs, and possession of a sharpened piece of metal (*id.* at 2-3).  The Governor identified positive factors weighing in petitioner's favor including his completion of educational, vocational and self-help programs in prison, his good parole plans, and his favorable evaluations by correctional and mental health professionals (*id.* at 1-2).  The Governor also noted that petitioner had served twenty years in prison and had properly accepted responsibility and shown remorse for his crimes (*id.* at 3).  Nevertheless, the Governor decided that these positive factors were outweighed by the implication of current dangerousness from petitioner's commitment offense, his prior criminal record, and his prison disciplinary record (*ibid.*).

The superior court did not uphold two of the Governor's factual findings, but nonetheless upheld the Governor's overall .  As to one of these factual findings, the superior court's decision was a reasonable determination of the facts in light of the evidence in the record, as to the other factual finding it was not.  *See* 28 U.S.C. 2254(d)(2); *Hayward*, 603 F.3d at 563 (requiring federal habeas court to review whether state court's decision upholding parole denial was a reasonable determination of the facts in light of the evidence presented).  First, the superior court reasonably overturned the Governor's finding of premeditation in the commitment offense because there was no evidence that petitioner knew that the victim would be at the house where petitioner shot him, and the evidence showed that petitioner did not shoot until the victim confronted, threatened and advanced on him (Pet. Ex. 1).  Nonetheless, although there was no reasonable basis for finding the murder premeditated, petitioner's

United States District Court

For the Northern District of California

1    shooting an unarmed man in the head at close range in a dispute over drug money was certainly

2    a brutal and dangerous act.

3          The superior court unreasonably determined that there was "nothing in the record" to

4    support the Governor's findings regarding petitioner's rules violations in prison.  The transcript

5    of the 2006 parole hearing indicates that petitioner had five serious rules violations in prison,

6    but not the nature of those violations (Pet. Exh. 3 at 53).  Consequently, the superior court

7    found that while there was evidence to support the finding that he had five serious rules

8    violations, there was "nothing in the record" indicating what petitioner had done (Pet. Exh. 1).

9    However, petitioner attached to his petition to the superior court the Governor's decision from

10   an earlier parole hearing in 2003 in which the Governor found that petitioner had been

11   disciplined for fighting and possessing a sharp metal object (Exhs. 3 attached to Resp. Exh. A).

12   Further, petitioner did not dispute that he had been disciplined for these things in his superior

13   court petition, nor does he here, nor did he argue that the Governor's findings were not

14   supported by evidence in the records of the 2003 parole proceedings.  Consequently, it was

15   unreasonable for the superior court to find that the there was "nothing" in the record supporting

16   the Governor's determination that petitioner had been disciplined for fighting and possessing a

17   sharpened metal object.  In addition, petitioner's five serious rules violations in prison five,

18   including for fighting and possessing a sharpened metal object, was reasonably viewed as

19   evidence of his current dangerousness, albeit evidence that was considerably weakened by the

20   fact that the last of these rules violations occurred in 1994, approximately twelve years prior to

21   the parole hearing.

22         Notwithstanding the superior court's unreasonable factual determination with respect to

23   petitioner's prison disciplinary record, the court's overall conclusion that there was "some

24   evidence" supporting the Governor's denial of parole was a reasonable application of

25   California's "some evidence" requirement.  As required under California law, there was

26   evidence in petitioner's "pre-incarceration behavior," specifically his extensive and violent

27   criminal history prior to the commitment offense, as well as his post-incarceration record,

28   specifically his numerous albeit relatively old serious rules violations in prison, that indicated

6

1  "that the implications regarding the prisoner's dangerousness that derive from his []

2  commission of the commitment offense remain probative of the statutory determination of a

3  continuing threat to public safety." *See Lawrence*, 44 Cal. 4th at 1214.  As the state courts

4  reasonably applied California's "some evidence" requirement in upholding the Governor's

5  denial of parole, petitioner is not entitled to habeas relief on his due process claim.

6      Petitioner's request for judicial notice (docket number 9) of the Board's decision to

7  grant parole in November 2008 is **GRANTED**.  That decision is duly noticed, but it occurred

8  over a year and half after the Governor's decision challenged herein and as such does not affect

9  the determination that the state courts reasonably found "some evidence" of petitioner's current

10  dangerousness at that time the Governor made his decision.

11                              **CONCLUSION**

12      The petition for a writ of habeas corpus is **DENIED**.

13      Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

14  rule on whether a petitioner is entitled to a certificate of appealability in the same order in

15  which the petition is denied.  Petitioner has failed to make a substantial showing that his claims

16  amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

17  find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

18  Consequently, no certificate of appealability is warranted in this case.

19      The clerk shall enter judgment and close the file.

20      **IT IS SO ORDERED.**

21

22  Dated: June _____14_____, 2010.      _____

23                                       WILLIAM ALSUP
                                         UNITED STATES DISTRICT JUDGE

24

25

26

27

28

G:\PRO-SE\WHA\HC.08\EDWARDS1902.RUL.wpd

**United States District Court**

For the Northern District of California